UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK RAYMOND DRONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-114 CAS |
| | ) | |
| COL. TIM FITCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before this Court are motions to dismiss plaintiff's second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Col. Ron Replogle, Col. Tim Fitch, Robert McCullough, and Eric Holder.[1] Plaintiff opposes the motions and has also filed a motion for summary judgment. The motions are briefed and are ripe for review.

Plaintiff Frederick Raymond Droney, who is proceeding pro se, brings his claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights. Plaintiff challenges the constitutionality of the federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991, and how it has been applied to him by officials of the State of Missouri. Plaintiff brings suit against Col. Tim Fitch, Chief of Police for St. Louis County, Robert P. McCullough, Prosecuting Attorney for

---

[1] Plaintiff filed his complaint pro se on January 21, 2010, against defendants Col. James Keathley, Superintendent of the Missouri Highway Patrol, Col. Tim Fitch, Chief of Police St. Louis County, and Robert McCullough, St. Louis County Prosecutor. On January 28, 2010, plaintiff filed an amended complaint against these three defendants and Eric H. Holder, United States Attorney General. Defendants Keathley, Fitch, and McCullough filed motions to dismiss plaintiff's first amended complaint. These motions will be denied as moot. On March 29, 2010, a notice of substitution of party was filed, which noted that Col. Ron Replogle had replaced Col. Keathley as the Superintendent of the Missouri Highway Patrol. On May 14, 2010, plaintiff filed a second amended complaint against Col. Ron Replogle, Col. Tim Fitch, Robert McCullough, and Eric H. Holder.

St. Louis County, Col. Ron Replogle, Superintendent of the Missouri Highway Patrol, and Eric H. Holder Jr., United States Attorney General. In his second amended complaint, plaintiff claims he is not an offender within the meaning of SORNA and, therefore, he cannot be required to register in Missouri. Plaintiff also claims SORNA is unconstitutional in that it violates the Ex Post Facto Clause of the United States Constitution. He contends the State of Missouri is unlawfully implementing SORNA in that SORNA requires plaintiff to comply with Missouri's more onerous registration requirements, which the Missouri Supreme Court ruled violate the Missouri Constitution for persons convicted prior to the enactment of the Missouri sex offender registration statute. Plaintiff also challenges the enforcement mechanism of SORNA, and asks the Court to declare that he cannot be prosecuted under SORNA.

All defendants move to dismiss. They argue plaintiff is require to register under SORNA, and that the Eighth Circuit has already decided that SORNA does not violate the Ex Post Facto Clause. Additionally, the state defendants argue plaintiff is required to register in Missouri regardless if he crosses state lines, and regardless if Missouri is in compliance with SORNA. Defendant Holder argues SORNA does not violate the Commerce Clause, and the Court lacks subject matter jurisdiction over plaintiff's constitutional claims against defendant Holder in his official capacity.

Plaintiff opposes the motions to dismiss, and has also filed a motion for summary judgment asserting there are no issues of material facts, and he is entitled to judgment as a matter of law as to all claims. Defendants Replogle, Fitch, and McCullough respond that there are no genuine issues of material facts, but that the complaint should be dismissed or summary judgment should be entered in their favor because plaintiff is not entitled to judgment as a matter of law. For the following

reasons, the Court will grant defendants' motions to dismiss and deny plaintiff's motion for summary judgment.

## I. Standards

### A. Standard for Motion to Dismiss for Failure to State a Claim.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may

be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

### B. Standard for Summary Judgment

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## II. Background

It is undisputed that plaintiff was convicted in the circuit court of Howard County, Missouri in June 1989 of two counts of sodomy. Plaintiff was sentenced to ten years in prison. Plaintiff states that he was released from prison and placed on parole in August 1995, at which time he was required to register as a sex offender under Missouri law. Mo. Rev. Stat. §§ 589.400, et seq. ("SORA"). Plaintiff stopped registering because the Missouri Highway Patrol informed him that he was no longer required to do so in light of the Missouri Supreme Court's ruling in Doe v. Phillips, 194 S.W.3d 833 (Mo. 2006)(en banc). In the Phillips case the Missouri Supreme Court held that

the portions of SORA that imposed an affirmative duty to register based on pleas or convictions for conduct committed prior to enactment of the statute violated the state's constitutional prohibition of laws "retrospective in operation." Id. at 850 (citing to Mo. Const. art I, sec. 13).

Later in 2006, however, Congress enacted SORNA, which provides that "a sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a). After the passage of SORNA, and the Missouri Supreme Court's decision in Doe v. Keathley, 290 S.W.3d 719 (2009) (en banc), the Missouri Highway patrol informed plaintiff that he was once again required to register in Missouri as a sex offender. In the Keathley case the Missouri Supreme Court wrote, "SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri. The independent registration requirement under SORNA operates irrespective of any allegedly retrospective state law that has been enacted and may be subject to [Missouri's constitutional] ban on the enactment of retrospective state laws." Id. at 720.

It is undisputed that plaintiff has filled out Missouri sex offender registration forms since July 15, 2009, and that as of January 5, 2011, he was listed as being compliant with Missouri's registration requirements.

### III. Discussion

**A.     Plaintiff is an Offender Within the Meaning of SORNA**

Plaintiff challenges that he is an offender within the meaning of SORNA, and argues he is not required to register in Missouri under the authority of SORNA.

In 2006, Congress enacted SORNA, which provides in pertinent part that:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also

register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. 42 U.S.C. § 16913(a).

The statute also states:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section. § 16913(d).

On February 28, 2007, the Attorney General issued an a rule, effective February 28, 2007, which states in pertinent part:

> The requirements of [SORNA] apply to <u>all sex offenders</u>, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act. 28 C.F.R. § 72.3 (emphasis added).

Under the statute, a "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" includes "a criminal offense that has an element involving a sexual act or sexual contact with another" and "a criminal offense that is a specified offense against a minor." § 16911(5)(A)(i) and (ii). The term "specified offense against a minor" means, among other things, an offense against a minor that involves "criminal sexual conduct involving a minor, . . ." or "[a]ny conduct that by its nature is a sex offense against a minor." § 16911(5)(A)(i) and (ii). Sex offenses under the statute are not limited to federal convictions or pleas.

SORNA is a federal statute, but like many federal statutes, it relies on the states for its implementation. SORNA requires states to maintain sex offender registries, and gives the United States Attorney General the authority to issue guidelines and regulations interpreting and implementing SORNA. <u>United States v. Guzman</u>, 591 F.3d 83, 89 (2d Cir. 2010) (citing to 42 U.S.C. § 16912(a), (b)). SORNA provides for a reduction in federal funding for law enforcement for states that fail to "substantially implement" SORNA. <u>Id.</u> (citing to 42 U.S.C. § 16925).

Plaintiff, who was convicted of sodomy, is a "sex offender" under SORNA's definitions. Sodomy was defined as "deviate sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion" or "deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Mo. Rev. Stat. § 566.060 (Supp. 1990). Therefore, upon the passage of SORNA, plaintiff was required to register in Missouri as a sex offender. 42 U.S.C. § 16913(a).

Missouri sex offenders, even those whose pleas or convictions predated the enactment of SORA or SORNA, must now register with the state. Keathley, 290 S.W.3d 719. The duty to register arises from the enactment of SORNA, a federal law. While the registration requirements under Missouri's SORA cannot be applied to sex offenders who were convicted or pleaded guilty prior to the enactment of that statute, the Missouri Supreme Court has recognized that there is now an independent duty under federal law to register with state officials. Keathley, 290 S.W.3d at 720. Under SORNA, plaintiff is an offender who must register with the State of Missouri.

Plaintiff cites to the National Guidelines for Sex Offender Registration and Notification, which were promulgated by U.S. Attorney General, to support his argument that federal law cannot require him to register with the State of Missouri. See U.S. Department of Justice, Office of the Attorney General, The National Guidelines for Sex offender Registration and Notification, Final Guidelines, June 2008 (the "Guidelines"). According to plaintiff, the Guidelines address the situation where, as in Missouri, the registration scheme of SORNA would be at odds with state law. Plaintiff's reliance on the Guidelines is misplaced. The Guidelines are in place for evaluating whether a jurisdiction, such as a state, has "substantially implemented" SORNA for the purpose of obtaining federal funding. 42 U.S.C. § 16925. The Guidelines do not replace the statutory language

of SORNA, and they do not create a cause of action for a person who was not required to register under state law prior to the enactment of SORNA.

Plaintiff also argues he should not be required to register in Missouri under its SORA registration requirements because those requirements are more onerous than what is required by SORNA. As Defendants have pointed out, the United States Attorney General has stated that "[a]s with other SORNA requirements, jurisdictions may require in-person appearance by sex offenders with greater frequency than the minimum required by [SORNA]." Guidelines at 54. See also Guidelines at 6 ("SORNA establishes a national baseline for sex offender registration and notification programs. In other words, the Act generally constitutes a set of minimum national standards and sets a floor, not a ceiling, for jurisdictions' programs."). Furthermore, the Missouri Supreme Court in Keathley noted that with the enactment of SORNA there was an independent obligation for sex offenders to register under the current registration requirements of SORA. Keathley, 290 S.W.3d at 720-21.

**B.     SORNA's Registration Requirements Do Not Violate the Ex Post Facto Clause**

Plaintiff argues the registration requirements of SORNA are punitive and violate the Ex Post Factor Clause of the U.S. Constitution. The Eighth Circuit, however, has expressly ruled that SORNA's registration requirements do not violate the Ex Post Facto Clause. Bacon v. Neer, __ F.3d__, 2011 WL 292203 at *2 n. 1 (8th Cir. Feb. 1, 2011); United States v. Zuniga, 579 F.3d 845, 849-50 (8th Cir. 2009); United States. v. Baccam, 562 F.3d 1197, 1199-1200 (8th Cir. 2009), United States v. May, 535 F.3d 912, 918-22 (8th Cir. 2008).

**C.     SORNA's Registration Requirements Do Not Violate Commerce Clause**

To the extent plaintiff is arguing that SORNA's registration requirements violate the Commerce Clause of the U.S. Constitution, the Eighth Circuit has also ruled that SORNA's registration requirements do not violate the Commerce Clause. United States v. Howell, 552 F.3d 709, 715 (8th Cir. 2009) (" [Section] 16913 is constitutional under Congress's authority to use the necessary and proper means to further its commerce clause power because it 'is a necessary part of a more general regulation of interstate commerce.'" (quoting Gonzales v. Raich, 545 U.S. 1, 37 (2005) (Scalia, J., concurring)).

### D. Plaintiff's Request for Declaratory Judgment Is Not Ripe For Review

Finally, plaintiff asks that the Court to declare that he cannot be prosecuted under SORNA for failing to register with the State of Missouri. It is not clear whether plaintiff is asking the Court to declare that plaintiff cannot be prosecuted under the federal enforcement provisions of SORNA, or whether he is asking the Court to declare that he cannot be prosecuted by the state. The Court will address both claims.

#### 1. Federal Enforcement

SORNA has a separate enforcement mechanism. The statute provides:

(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.
18 U.S.C. § 2250.

Plaintiff asks the Court to declare that he cannot be prosecuted under § 2250 for failing to register and for merely traveling across state lines. The Court declines the invitation to offer what would amount to an advisory opinion because plaintiff's claim is not ripe for review.[2]

"The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." Public Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney, Mo., 401 F.3d 930, 932 (8th Cir. 2005) (citing to Bender v. Educational Credit Mgmt. Corp., 368 F.3d 846, 847-48 (8th Cir.2004)). Article III limits courts to deciding actual "Cases" and "Controversies," U.S. Const. art. III, § 2, and courts are "prohibit[ed] from issuing advisory opinions." Id. See also Bender, 368 F.3d at 847-48. The basic reasoning of the ripeness requirement is "to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). One kind of advisory opinion is an opinion "'advising what the law would be upon a hypothetical state of facts.'" Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)).

The ripeness inquiry requires a court to examine both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs., 387 U.S. at 149. This is a two-pronged test, and "[a] party seeking judicial relief must necessarily satisfy both

---

[2]As it affects the core of the Court's jurisdiction, ripeness may be raised sua sponte at any stage in the proceedings. Bergstrom v. Bergstrom, 623 F.2d 517, 519 n.1 (8th Cir. 1980) (citing to United States v. Gotcher, 604 F.2d 69, 72 (10th Cir. 1979); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedures: Jurisdiction § 3532 at 241 (1975 & Supp. 1980).

prongs to at least a minimal degree." Nebraska Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1039 (8th Cir. 2000).

The fitness prong of the test requires examination of the definiteness or certainty of a claim, to "safeguard[] against judicial review of hypothetical or speculative disagreements." Id. at 1038. "Whether a case is 'fit' depends on whether it would benefit from further factual development." Public Water Supply, 345 F.3d at 573. "The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." Id.

The hardship prong recognizes that a party need not wait until a threatened injury actually occurs, but requires examination of the immediacy and extent of the alleged threatened harm. Nebraska Pub. Power, 234 F.3d at 1038. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (internal quotations and citations omitted). The threatened "injury must be 'certainly impending.'" Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958-59 (8th Cir. 2001) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

The ripeness doctrine applies to declaratory judgment actions. Public Water Supply Dist. No. 10 v. City of Peculiar, 345 F.3d 570, 572 (8th Cir. 2003). A declaratory judgment action can be sustained if no injury has yet occurred. County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004). Before a claim is ripe for adjudication, however, the plaintiff must face an injury that is "certainly impending." Pennsylvania v. West Virginia, 262 U.S. 553, 593 (1923); South Dakota Mining Ass'n, Inc. v. Lawrence County, 155 F.3d 1005, 1008 (8th Cir.1998). Whether the factual

basis of a declaratory judgment action is too hypothetical-for purposes of the ripeness doctrine is a question of degree. See Nebraska Public Power, 234 F.3d at 1037-38.

In this case, it is undisputed that plaintiff remains in compliance with Missouri's sex offender registration requirements, at least as of January 5, 2011. There is also no indication that federal authorities have threatened to or have any intent to prosecute plaintiff under § 2250 should he fail to register in Missouri. What is more, the Court has not been provided with factual information regarding plaintiff's residency, travel history, or future travel plans. Based on the record before it, the Court declines plaintiff's invitation to offer an advisory opinion regarding the application of § 2250 to offenders who merely travel across state lines.

That said, the Court refers plaintiff to United States. v. Howell, 552 F.3d 709 (8th Cir. 2009), wherein the Eighth Circuit has offered its opinion regarding the application of § 2250 to intrastate offenders:

> Under § 2250, Congress limited the enforcement of the registration requirement to only those sex offenders who were either convicted of a federal sex offense or who move in interstate commerce. 18 U.S.C. § 2250(a)(2). With this limitation, a resident of Iowa who has been convicted of a state sex offense and who does not leave Iowa would never be subject to federal sanctions if he fails to register. The Iowa resident could only be punished under Iowa law for failure to register. A wholly intrastate offender would never be reached by federal enforcement power. This limitation demonstrates Congress's intention to punish only interstate offenders. Instead of creating a federal crime for failure to register regardless of interstate movement, Congress understood its limited interstate commerce power and reserved prosecution of wholly intrastate offenders to the states. See 18 U.S.C. § 2250(a)(2); see also 42 U.S.C. 16913(e) (requiring each state to implement a criminal statute for failure to register). Thus, the statutory scheme Congress created to enforce § 16913 demonstrates Congress was focused on the interstate movement of sex offenders, not the intrastate activity of sex offenders.

Id. at 716.

### 2. State Enforcement

Although it is not entirely clear from the pleadings, motions and briefs, it would seem plaintiff may also be asking the Court to declare that he cannot be prosecuted under Missouri law for failing to register with the state. In addition to there being a ripeness issue, the Eighth Circuit in <u>Bacon v. Neer</u> has instructed district courts not offer advisory opinions as to whether Missouri offenders can be prosecuted under Missouri law for failing to register. __ F.3d __, 2011 WL 292203 (8th Cir. Feb 1, 2011). In ruling that it would not enjoin the state defendants or declare that the petitioner could not be prosecuted by state officials for failing to register, the Eighth Circuit noted that the federal courts are not to instruct state officials as to how they should conform their conduct to state law. <u>Id.</u> at *4.

## IV. Conclusion

For all the above-stated reasons, the Court finds plaintiff's second amended complaint fails to state a claim against the defendants and plaintiff is not entitled to judgment as a matter of law. Therefore, the Court will grant defendants' motions to dismiss and deny plaintiff's motion for summary judgment.[3]

---

[3] Because the Court finds plaintiff's claims are without merit, it need not address defendant Holder's argument that he is immune from suits against him in his official capacity. But in any event, defendant Holder's argument is not applicable to plaintiff's complaint. Defendant Holder argues he is immune from a <u>Bivens</u> claim against him. A <u>Bivens</u> claim is a cause of action for damages brought directly under the United States Constitution against a federal official for violations of constitutionally protected rights. <u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In plaintiff's second amended complaint, which supercedes all prior versions of his complaint, plaintiff is not seeking money damages, but rather equitable relief. Declaratory and injunctive relief is available against a federal official who acts unconstitutionally, and sovereign immunity is not a bar to such a claim. <u>See</u> 5 U.S.C. § 702 (action seeking relief other than money damages should not be dismissed on grounds that it is brought against United States); <u>Raz v. Lee</u>, 343 F.3d 936, 938 (8th Cir. 2003)(holding that § 702's waiver of sovereign immunity is not limited to cases brought under APA, but it applies to claims arising

## V. Other Motions Pending Before the Court

Plaintiff has also moved for default judgment against defendant Holder, for reconsideration of the Clerk's denial of default against defendant Holder, and to compel defendant Holder to answer.

Reviewing the docket in this case, it is apparent that plaintiff had some difficulties serving defendant Holder. Plaintiff claims he properly served defendant Holder sometime in March 2010, but the evidence in the record suggests defendant Holder was not served via hand-delivery to Richard Callahan, United Sates Attorney Eastern District of Missouri, until October 6, 2010. Therefore, under Federal Rule of Civil Procedure 12(a) and (b), defendant Holder's answer or responsive pleading was due on or before December 6, 2010.

On January 20, 2011, defendant Holder filed with this Court a motion for leave of Court to file an answer or responsive pleading out of time. In its motion, the attorney for defendant Holder stated that he had only "recently became aware that service of process was properly made on the United States attorney's office for the Eastern District of Missouri on October 6, 2010 and upon Defendant Eric H. Holder on October 7, 2010." Defendant Holder requested "in the interest of justice and judicial efficiency" that the Court grant his motion for leave and that he be allowed to file an answer or responsive pleading on or before January 28, 2011. The Court granted the motion and defendant Holder filed a motion to dismiss on January 28, 2011. Because the Court allowed defendant Holder to file an answer or responsive pleading out of time, and he did so in the time

---

under the Constitution); Red Lake Band of Chippewa Indians v. Barlow, 846 F.2d 474, 476 (8th Cir.1988) (§ 702 waiver is not dependent on application of APA; § 702 waiver is dependent only on suit being against government and being one for nonmonetary relief); see also Presbyterian Church v. United States, 870 F.2d 518, 524-25 (9th Cir.1989) (§ 702 waives sovereign immunity with respect to injunctive-relief action arising directly under Constitution).

allowed, plaintiff's second motion for default judgment will be denied, and his other motions related to service and default will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ron Replogle's motion to dismiss plaintiff's second amended complaint is **GRANTED.** [Doc. 31]

**IT IS FURTHER ORDERED** that defendants Tim Fitch and Robert P. McCullough's motion to dismiss plaintiff's amended complaint is **GRANTED.** [Doc. 33]

**IT IS FURTHER ORDERED** that defendant Eric H. Holder's motion to dismiss plaintiff's amended complaint is **GRANTED.** [Doc. 61]

**IT IS FURTHER ORDERED** that plaintiff Frederick Raymond Droney's motion for summary judgment is **DENIED.** [Doc. 48]

**IT IS HEREBY ORDERED** that defendant's James P. Keathley's motion to dismiss plaintiff's complaint is **DENIED as moot.** [Doc. 17]

**IT IS FURTHER ORDERED** that defendants Tim Fitch and Robert P. McCullough's motion to dismiss plaintiff's complaint is **DENIED as moot.** [Doc. 19]

**IT IS FURTHER ORDERED** that plaintiff's second motion for default judgment as to defendant Eric Holder is **DENIED.** [Doc. 47]

**IT IS FURTHER ORDERED** that plaintiff's first motion for default judgment as to defendant Eric Holder is **DENIED as moot.** [Doc. 35]

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of Clerk's denial of default is **DENIED as moot.** [Doc. 54].

**IT IS FURTHER ORDERED** that plaintiff's motion to compel defendant Eric Holder to answer plaintiff's complaint is **DENIED as moot.** [Doc. 58].

An Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of March, 2011.